# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LAURA SKZYNEAR**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                              Case No. 8:23-cv-1277-WFJ-CPT

**UPFIELD US, INC.**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Upfield US, Inc.'s ("Upfield") Motion to Dismiss (Dkt. 23), Plaintiff Laura Skzynear's Response (Dkt. 24), and Upfield's Reply (Dkt. 25). Upon careful consideration, the Court grants Upfield's Motion under Federal Rule of Civil Procedure 12(b)(1). Ms. Skzynear's Amended Complaint (Dkt. 19) is dismissed without prejudice for lack of standing.

## BACKGROUND

The instant case is a proposed class action concerning the labeling on two vegetable oil spread products: (1) Upfield's 10.5 oz tub of Country Crock Plant Butter (the "Tub"); and (2) Upfield's 16 oz, four-stick box of Country Crock Plant Butter (the "Box") (collectively, the "Products"). Dkt. 19 at 1–2. The Tub's front and back labels show the following:





*Id.* at 1, 6. The Box's front and back labels are largely similar but not identical:

2



*Id.* at 2, 7.[1]

---

[1] The ingredient lists included on the Products' back labels are difficult to read. At this stage, it is undisputed that the Tub's ingredient list reads as follows: "BLEND OF PLANT-BASED OILS

3

Ms. Skzynear essentially claims that, by placing "made with olive oil" or "with olive oil" on the front display panel of the Products, Upfield mislead consumers into believing that olive oil is "predominant amongst the oils used or at least present in a non-de minimis, significant amount compared to any other vegetable oils." *Id.* at 11–12. Ms. Skzynear avers that she "paid more for the Product[s]" due to Upfield's misrepresentation and that she "would not have purchased [them] or paid as much if she knew that . . . olive oil was present in the smallest amount of the vegetable oil blend." *Id.* at 20. Ms. Skzynear allegedly paid approximately $3.39 per Tub and $3.79 per Box between July 2019 and May 2023. *Id.* at 14, 17.

On October 31, 2023, Ms. Skzynear, individually and on behalf of all others similarly situated, filed her Amended Complaint against Upfield. *Id.* at 1. She asserts three claims: Count I—violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla Stat. § 501.201, *et seq.*; Count II—false and misleading advertising under Fla. Stat. § 817.41; and Count III—common law fraud. *Id.* at 19–26. Upfield now moves to dismiss the Amended Complaint. *See generally* Dkt. 22.

---

(PALM FRUIT, PALM KERNEL, CANOLA AND OLIVE OIL), WATER, SALT, PEA PROTEIN, SUNFLOWER LECITHIN, CITRIC ACID, VITAMIN A PALMITATE, NATURAL FLAVOR, BETA CAROTENE (COLOR). Dkt. 19 at 6. The Box's ingredient list provides the following: "BLEND OF PLANT-BASED OILS (SOYBEAN, PALM FRUIT, PALM KERNEL, OLIVE AND EXTRA VIRGIN OLIVE OIL), WATER, SALT, PEA PROTEIN, SOY LECITHIN, CITRIC ACID, NATURAL FLAVOR, VITAMIN E ACETATE, VITAMIN A PALMITATE, BETA CAROTENE (COLOR)." *Id.* at 7.

4

## LEGAL STANDARD

Federal district courts are "empowered to hear only those cases falling within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). As a result, this Court's power is limited to hearing "cases or controversies." *Corbett v. Transportation Sec. Admin.*, 930 F.3d 1225, 1231 (11th Cir. 2019) (internal quotations and citation omitted). "One essential component of the 'case or controversy' requirement is that the plaintiff must have standing to pursue his claim[.]" *Id.* (citation omitted).

The Supreme Court has "established that the irreducible constitutional minimum of standing contains three elements," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992):

> (1) the plaintiff ha[s] suffered an "injury in fact"—an invasion of a judicially cognizable interest, which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there be a causal connection between that injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it be likely, not merely speculative, that the injury will be redressed by a favorable decision.

*31 Foster Child. v. Bush*, 329 F.3d 1255, 1264 (11th Cir. 2003) (citing *Bennett v. Spear,* 520 U.S. 154, 162 (1997)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561; *Fla. Pub. Int. Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004).

## DICSUSSION

Ms. Skzynear has failed to allege a plausible injury-in-fact. As an initial matter, while it is true that an "economic injury" is generally "the epitome of concrete," *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (internal quotations and citations omitted), "[a] plaintiff does not have standing to sue a defendant merely because of his or her buyer's remorse." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2023 WL 2817576, *12 (S.D. Fla. Apr. 6, 2023). This is precisely what Ms. Skzynear complains of here. She maintains that she bought the Products over approximately four years because they were advertised as being "made with olive oil," that the Products were actually made with olive oil, but that the Products were not made with as much olive oil as she thought despite the Products' ingredient lists clearly disclosing olive oil as the smallest ingredient in the Products' oil blends. *See generally* Dkt. 19. Ms. Skzynear therefore contends, in essence, that Upfield invaded her right not to be deceived into paying a price premium by advertising food products with empirically verifiable statements that were accurately contextualized and supported by the Products' ingredient lists. The Court finds that this is not a plausible "invasion of a judicially cognizable interest." *31 Foster Child*, 329 F.3d at 1264. It is buyer's remorse rooted in Ms. Skzynear's failure to read the Products' back labels for four years.

All the same, the notion that Ms. Skzynear did not receive the benefit of the bargain in buying the Products is wholly conjectural on the facts alleged. The Amended Complaint suggest two types of benefits that Ms. Skzynear may have been deprived of through Upfield's alleged deception: (1) flavor benefits; and (2) health benefits. Dkt. 19 at 3–4, 17. The former alleged deprivation is contradicted by Ms. Skzynear's own statements. Indeed, even if it is true that "[Ms. Skzynear] is like most customers who value the taste of olive oil more than traditional vegetable oils[,]" Ms. Skzynear purchased the Products for approximately four years. *Id.* at 17. This makes it "implausible that Plaintiff did not believe she had received the benefit of her bargain" based on taste. *See Ramirez v. Kraft Heinz Foods Co.*, No. 22-CV-23782, 2023 WL 4788012, at *4 (S.D. Fla. July 27, 2023) (finding it implausible that the plaintiff failed to receive the benefit of her bargain due to deception where she continued to buy a food product despite knowing that it could not be prepared in the time advertised).[2]

---

[2] *See also Sweeney v. Kimberly-Clark Corp.*, No. 8:14-CV-3201-T-17EAJ, 2016 WL 727173, at * (M.D. Fla. Feb. 22, 2016), *order clarified*, No. 8:14-CV-3201-T-17EAJ, 2016 WL 7138530 (M.D. Fla. Mar. 3, 2016) (explaining that "the fact that the Plaintiffs continue[d] to purchase and use Defendants' 'flushable' wipes [after learning that they were not flushable] ma[de] their theory of damages too speculative to constitute actual injury under Article III"); *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1337 (S.D. Fla. 2007) (finding that the plaintiffs "obviously believe[d] that they continue[d] to receive benefits from [a medical product], notwithstanding any alleged limitations as to its efficacy" because they "continue[d] to pay the price charged by" the manufacturers and distributors).

7

The latter alleged deprivation, health benefit, is contradicted and purely speculative. Ms. Skzynear herself states that "vegetable oil spreads are considered ultra-processed foods . . . frowned upon by nutrition authorities and public health bodies." Dkt. 19 at 4. It is consequently unclear what meaningful health benefits Ms. Skzynear hoped to receive buy purchasing food products labeled as "vegetable oil spread" and "plant-based oil spread" for four years. The Amended Complaint, moreover, alleges no facts which plausibly suggest that a non-*de minimis* amount of olive oil would materially boost the health benefits of an ultra-processed food like Country Crock. Thus, because a plaintiff cannot be concretely deprived of a hypothetical benefit, there is no injury here.

Finally, Ms. Skzynear also fails to "effectively tie her alleged economic injury to the [Products'] deceptive and misleading aspects." *Valiente v. Publix Super Markets, Inc.*, No. 22-22930-CIV, 2023 WL 3620538, at *4 (S.D. Fla. May 24, 2023) (finding no injury where a customer was allegedly deceived into buying lemon-less cough drops by front labeling that contained a lemon picture). First, general statistics about the price of olive oil are not enough to plausibly suggest an existing "difference between the 'price premium' [Ms. Skzynear] claims to have paid and the [Products'] fair market price." *Id.* at *5. The appropriate comparison here is between highly processed food products that contain oils, not the raw oils themselves. Second, and more importantly, Ms. Skzynear "does not even allege that

8

[Country Crock-like products] containing a non-*de minimis* amount of [olive oil] have a higher fair market price" or that Upfield sells its non-olive oil Country Crock at a higher price than the Products. *Id.* The factual contentions here are simply inadequate. They evince no injury sufficient to confer standing.

## CONCLUSION

Plaintiffs must have standing to pursue claims in federal court. On the facts alleged, Ms. Skzynear lacks any concrete injury-in-fact that could establish this jurisdictional prerequisite. She may have one final attempt to amend her pleadings.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Upfield's Motion to Dismiss (Dkt. 23) is **GRANTED**.

(2) Ms. Skzynear's Amended Complaint (Dkt. 19) is **DISMISSED WITHOUT PREJUDICE**.

(3) Any amendment is due within twenty-one days.

**DONE AND ORDERED** at Tampa, Florida, on January 10, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record